UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY,                    Action No.:

Plaintiff,

-against-                                **COMPLAINT**

FORTEGRA SPECIALTY INSURANCE COMPANY
and HUDSON EXCESS INSURANCE COMPANY,

Defendants.
-------------------------------------------------------------------X

Plaintiff THE TRAVELERS INDEMNITY COMPANY ("Travelers"), by its attorneys,

Usery & Associates, as and for its Complaint against defendants FORTEGRA SPECIALTY

INSURANCE COMPANY ("Fortegra") and HUDSON EXCESS INSURANCE COMPANY

("Hudson"), alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) by

reason of the diversity of citizenship of the parties and the fact that the amount in controversy

exceeds the sum of $75,000 exclusive of costs.

2.      At all times hereinafter mentioned, Travelers was, and still is, a corporation

organized pursuant to the laws of the State of Connecticut, with its principal place of business in

Hartford, Connecticut.

3.      At all times hereinafter mentioned, Travelers was, and still is, an insurance

company duly authorized to conduct business in the State of New York.

4.      Upon information and belief, at all times hereinafter mentioned, Fortegra was, and

still is, a corporation organized pursuant to the laws of the State of Arizona, with its principal

place of business in Jacksonville, Florida.

1

5.      Upon information and belief, at all times hereinafter mentioned, Fortegra was, and still is, a surplus lines insurer authorized to conduct business in the State of New York.

6.      Upon information and belief, at all times hereinafter mentioned, Hudson was, and still is, a corporation organized pursuant to the laws of the State of Delaware, with its principal place of business in New York, New York.

7.      Upon information and belief, at all times hereinafter mentioned, Hudson was, and still is, a surplus lines insurer authorized to conduct business in the State of New York.

## SUBSTANTIVE ALLEGATIONS

### A.      The Underlying Action

8.      On or about December 1, 2023, Luis Bermeo ("Bermeo") commenced a lawsuit, captioned *Luis Bermeo v. MBD New Heights Apts Housing Development Fund Company, Inc., M.B.D. Community Housing Corp., and Notias Construction, Inc.*, Index No. 819269/2023E, in the Supreme Court of the State of New York, County of Bronx (the "Underlying Action"), by filing a Summons and Verified Complaint.

9.      On or about March 5, 2024, Notias Construction, Inc. ("Notias") commenced a third-party action against American Architectural Windows Inc. ("AAW") and FT Enterprise Group Inc. ("FTE") by filing a Third-Party Summons and Verified Third-Party Complaint.

10.     On or about January 7, 2025, Bermeo filed an Amended Verified Complaint in the Underlying Action, naming AAW as a direct defendant, such that the first-party caption of the Underlying Action became *Luis Bermeo v. MBD New Heights Apts Housing Development Fund Company, Inc., M.B.D. Community Housing Corp., Notias Construction, Inc., and American Architectural Windows Inc.*

11.      Bermeo, in the Underlying Action, alleges that on November 9, 2023, MBD New Heights Apts Housing Development Fund Company, Inc. and M.B.D. Community Housing Corp. (collectively, the "MBD Entities") each owned the premises located at 970 Anderson Avenue, Bronx, New York (the "Premises").

12.      Bermeo, in the Underlying Action, alleges that on November 9, 2023, Notias was the general contractor for a construction project at the Premises (the "Project") pursuant to a contract with the MBD Entities.

13.      Bermeo, in the Underlying Action, alleges that on November 9, 2023, AAW was performing work on the Project pursuant to a contract with Notias.

14.      Bermeo, in the Underlying Action, alleges that on November 9, 2023, FTE was performing certain work on the Project pursuant to a contract with the MBD Entities, Notias and/or AAW.

15.      Bermeo, in the Underlying Action, alleges that on November 9, 2023, he was injured while in the course of his employment with FTE on the Project when he was struck in the head by a steel beam that feel from 15-20 feet above (the "Accident").

16.      Bermeo, in the Underlying Action, alleges that the Accident and his resulting injuries occurred as a result of the negligence, recklessness, and carelessness of the MBD Entities, Notias and/or AAW in, *inter alia*, their ownership, operation, maintenance, and control of the Project and Premises; causing a steel beam to fall from above and strike him; failing to protect workers from injuries caused by gravity-related accidents; failing to properly oversee safety on the Project; failing to prevent objects from falling from heights onto workers below; allowing the work on the Project to be performed in a dangerous manner; and exposing Bermeo to injuries caused by falling objects.

17.     Bermeo, in the Underlying Action, asserts causes of action against the MBD Entities, Notias, and AAW sounding in negligence and violation of N.Y. Labor Law §§ 200, 240(1), and 241(6).

18.     Notias, in its Third-Party Complaint, alleged that the Accident resulted solely from the negligence, carelessness, recklessness and/or breach of duty of AAW and/or FTE.

19.     Notias, in its Third-Party Complaint, asserted causes of action against AAW and FTE sounding in contribution, common law and contractual indemnification, and breach of contract.

20.     Upon information and belief, on the date of the Accident AAW was working on a windowsill on the third floor of the Premises directly above Bermeo, and the metal object that struck Bermeo fell from the windowsill where AAW was working.

**B.     The General Contract**

21.     By written contract dated December 22, 2022, the MBD Entities, identified as "Owner", retained Notias, identified as "Contractor", as general contractor for the Project (the "General Contract").

22.     The General Contract identifies the Project as MBD New Heights Apartments, which included renovation work of units at the Premises and three (3) other locations.

**C.     The AAW Subcontract**

23.     By written Subcontract Agreement dated February 8, 2023, Notias retained AAW to perform window installation work at the Premises as part of the Project (the "AAW Subcontract").

24.     The AAW Subcontract identifies AAW as "Subcontractor," and was signed by both Notias and AAW.

25.     Article 13 of the AAW Subcontract, entitled "Insurance and Bonds; Notice to

Insurers," provides, in relevant part, as follows:

> § 13.1 The Subcontractor shall purchase and maintain (and shall
> cause each of its subcontractors to purchase and maintain)
> insurance of the types of coverage and limits of liability
> enumerated in this Section. . . .:
>
> A. **Commercial General Liability (CGL) with limits of
> Insurance of not less than $2,000,000 each occurrence**,
> $4,000,000 Annual Aggregate and $4,000,000 products
> completed operations aggregate. However, Subcontractor's
> insurance coverage shall apply for the full amount of any loss
> up to each respective policy limit of liability and shall not be
> limited to the minimum required limits of this Agreement. . . .
>
> * * *
>
> iii. **General Contractor, Owner and all other parties
> required of the General Contractor, shall be included as
> Additional Insureds on the CGL**, using ISO Additional
> Insured Endorsement CG 20 38 04 13 or scheduled on CO
> 20 10 11 85 AND scheduled on CG 20 37 or an
> endorsement providing equivalent coverage to the
> Additional Insureds. Privity language is not acceptable. **A
> list of the required Additional Insureds is annexed
> hereto on Attachment "2"**. Insurance for the Additional
> Insureds shall be as broad as the coverage provided for the
> named insured Subcontractor. **It shall apply as primary
> and non-contributing insurance before any other
> insurance or self-insurance, including any deductible,
> maintained by, or provided to, the Additional Insureds**.
> This Agreement may be amended from time-to- time to
> include additional individuals and entities who may be
> required to be named as Additional Insureds on
> Subcontractor's relevant policies of insurance. (Emphasis
> supplied.)

26.     Attachment 2 to the AAW Subcontract, entitled "List of Required Certificate

Holder and Additional Insureds," provides, in relevant part, as follows:

**Additional Insured and Certificate Holder**

General Contractor:    Notias Construction, Inc.
                       28-06 120th Street
                       Flushing, NY 11354

27.    Upon information and belief, AAW complied with its obligations under the AAW Subcontract, in part, by obtaining general liability insurance from Fortegra.

**D.    The FTE Subcontract**

28.    By written Subcontract Agreement dated August 31, 2023, Notias retained FTE to perform masonry work on the Project, including at the Premises (the "FTE Subcontract").

29.    The FTE Subcontract identifies FTE as "Subcontractor," and was signed by both Notias and FTE.

30.    Article 13 of the FTE Subcontract, entitled "Insurance and Bonds; Notice to Insurers," provides, in relevant part, as follows:

> § 13.1 The Subcontractor shall purchase and maintain (and shall cause each of its subcontractors to purchase and maintain) insurance of the types of coverage and limits of liability enumerated in this Section. . . .:
>
> A. **Commercial General Liability (CGL) with limits of Insurance of not less than $2,000,000 each occurrence**, $4,000,000 Annual Aggregate and $4,000,000 products completed operations aggregate. However, Subcontractor's insurance coverage shall apply for the full amount of any loss up to each respective policy limit of liability and shall not be limited to the minimum required limits of this Agreement. . . .
>
> * * *
>
> iii. **General Contractor, Owner and all other parties required of the General Contractor, shall be included as Additional Insureds on the CGL**, using ISO Additional Insured Endorsement CG 20 38 04 13 or scheduled on CO 20 10 11 85 AND scheduled on CG 20 37 or an endorsement providing equivalent coverage to the Additional Insureds. Privity language is not acceptable. **A**

6

**list of the required Additional Insureds is annexed hereto on Attachment "2"**. Insurance for the Additional Insureds shall be as broad as the coverage provided for the named insured Subcontractor. **It shall apply as primary and non-contributing insurance before any other insurance or self-insurance, including any deductible, maintained by, or provided to, the Additional Insureds**. This Agreement may be amended from time-to- time to include additional individuals and entities who may be required to be named as Additional Insureds on Subcontractor's relevant policies of insurance. (Emphasis supplied.)

31.    Attachment 2 to the FTE Subcontract, entitled "List of Required Certificate Holder and Additional Insureds" provides, in relevant part, as follows:

**Additional Insured and Certificate Holder**

General Contractor:    Notias Construction, Inc.
28-06 120th Street
Flushing, NY 11354

32.    Upon information and belief, FTE complied with its obligations under the FTE Subcontract, in part, by obtaining general liability insurance from Hudson.

**E.    The Fortegra Policy**

33.    Fortegra issued Commercial General Liability ("CGL") policy, No. FMC-CGL1000072-02, to AAW as the first Named Insured, with a policy period from June 11, 2023 to June 11, 2024, and an Each Occurrence Limit of $1 million (the "Fortegra Policy").

34.    The terms "you" and "yours" in the Fortegra Policy refer to "the Named Insured shown in the Declarations," and therefore refer to AAW.

35.    The Fortegra Policy includes an endorsement, No. CG 20 10 04 13, entitled "Additional Insured – Owners, Lessees or Contractors – Scheduled Person or Organization," which provides, in relevant part, as follows:

7

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s) | Location(s) Of Covered Operations |
|---|---|
| As Required By Written Contract, Fully Executed Prior To The Named Insured's Work | As Required By Written Contract, Fully Executed Prior To The Named Insured's Work |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations | |

> **A. Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury" . . . **caused, in whole or in part, by**:
>
> 1. **Your acts or omissions**; or
>
> 2. The acts or omissions of those acting on your behalf;
>
> in the performance of **your ongoing operations for the additional insured(s)** at the location(s) designated above. . . . (Emphasis supplied; bold in original.)

36.     The Fortegra Policy also includes an endorsement, No. CG 20 01 04 13, entitled "Primary and Noncontributory – Other Insurance Condition," which provides, in relevant part, as follows:

> **Primary and Noncontributory Insurance**
>
> This insurance **is primary to and will not seek contribution from any other insurance available to an additional insured** under your policy provided that:
>
> (1)  The additional insured is a Named Insured under such other insurance; and
>
> (2)  You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured. (Emphasis supplied; bold in original.)

37.     Bermeo, in the Underlying Action, alleges a claim for which Notias qualifies as an additional insured under the Fortegra Policy.

38.     The Fortegra Policy provides primary, noncontributory coverage for Notias for the Underlying Action.

## F.     The Hudson Policy

39.     Hudson issued CGL policy, No. HXMP104532, to FTE as Named Insured, with a policy period from June 14, 2023 to June 14, 2024, and Each Occurrence Limit of $1 million (the "Hudson Policy").

40.     The terms "you" and "yours" in the Hudson Policy refer to "the Named Insured shown in the Declarations," and therefore refer to FTE.

41.     The Hudson Policy includes an endorsement, No. CG 20 38 04 13, entitled "Additional Insured – Owners, Lessees or Contractors – Automatic Status for Other Parties When Required in Written Construction Agreement," which provides, in relevant part, as follows:

> **A. Section II – Who Is An Insured** is amended to include as an additional insured:
>
> **1.**  Any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy; and
>
> **2.**  Any other person or organization you are required to add as an additional insured under the contract or agreement described in Paragraph **1.** above
>
> Such person(s) or organization(s) is an additional insured only with respect to liability for "bodily injury" . . . **caused, in whole or in part, by**:
>
> **a.**  **Your acts or omissions**; or
> **b.**  The acts or omissions of those acting on your behalf;
>
> **in the performance of your ongoing operations for the additional insured**. (Emphasis supplied; bold in original.)

42.    The Hudson Policy also includes an endorsement, No. HXMG 138 04 15, entitled

"Primary and Non-Contributing Insurance Where Required by Written Contract(s)

Endorsement," which provides, in relevant part, as follows:

**d. Primary and Non-Contributing Insurance**

Where you are specifically required by a written contract to
provide insurance that is primary and non-contributory and the
written contract so requiring is executed by you before any
"occurrence" or offense, **this insurance will be primary and the
other insurance will not contribute with this insurance**, but only
if and to the extent required by that written contract. (Emphasis
supplied; bold in original.)

43.    Bermeo, in the Underlying Action, alleges a claim for which Notias qualifies as

an additional insured under the Hudson Policy.

44.    The Hudson Policy provides primary, noncontributory coverage for Notias for the

Underlying Action.

**G.    The Travelers Policy**

45.    Travelers issued Commercial Insurance policy, No. VTC2K-CO-2W268028-IND-

23, to Notias as Named Insured, with a policy period from July 31, 2023 to July 31, 2024,

including a CGL part with an Each Occurrence Limit of $2 million (the "Travelers Policy").

46.    The Travelers Policy has an applicable excess "Other Insurance" provision for

Notias that provides, in relevant part, that the Travelers Policy is excess over "[a]ny of the other

insurance, whether primary, excess, contingent or on any other basis, that is available to the

insured when the insured is an additional insured, or is any other insured that does not qualify as

a named insured, under such other insurance."

**H.**     **The Tenders and Responses**

47.     By letter dated December 8, 2023, Travelers tendered the Underlying Action to Fortegra on behalf of Notias, requesting that Fortegra provide additional insured coverage to Notias for the Underlying Action pursuant to the Fortegra Policy.

48.     By letters dated January 2, 2024 and February 4, 2024, Travelers re-tendered the Underlying Action to Fortegra on behalf of Notias, again requesting that Fortegra provide additional insured coverage to Notias for the Underlying Action pursuant to the Fortegra Policy.

49.     By letter dated May 10, 2024, Fortegra rejected Travelers' tender because the AAW Subcontract was not included with the tenders, therefore Fortegra was unable to determine whether Notias is required to be named as an additional insured for the Underlying Action.

50.     Fortegra, in its May 10, 2024 disclaimer, also reserved its rights to disclaim coverage based on an exclusion contained in endorsement CGL 0704 1118, entitled "Your Work - Classification Description."

51.     Fortegra has failed and refused to accept Travelers' tender of the Underlying Action on behalf of Notias.

52.     As a result of Fortegra's breach of its duty to defend, Travelers has been forced to drop down and provide a defense to Notias for the Underlying Action.

53.     Based on the "Other Insurance" provision in the Travelers Policy, the coverage provided by the Travelers Policy to Notias is excess to the coverage provided by the Fortegra Policy.

54.     By letter dated December 8, 2023, Travelers tendered the Underlying Action to Hudson on behalf of Notias, requesting that Hudson provide additional insured coverage to Notias for the Underlying Action pursuant to the Hudson Policy.

55.     By letter dated February 1, 2024 and sent to Hudson on February 4, 2024, Travelers re-tendered the Underlying Action to Hudson on behalf of Notias, again requesting that Hudson provide additional insured coverage to Notias for the Underlying Action pursuant to the Hudson Policy.

56.     By email dated February 5, 2024, Hudson advised Travelers that, based on the results of its own investigation, "the loss did not occur from the insured's work," and therefore Hudson would not be accepting Travelers' tender.

57.     By letter dated May 4, 2024, Hudson, by coverage counsel, denied Travelers' tender and disclaimed any duty to defend or indemnify Notias for the Underlying Action.

58.     Hudson, in its May 4, 2024 disclaimer, took the position that Notias is not entitled to coverage under the Hudson Policy as an additional insured because "[t]here are no allegations in the Complaint that [Bermeo] was injured because of [FTE's] acts or omissions," and Hudson was not provided with any information that Bermeo was injured as a result of FTE's acts or omissions. Hudson added that "the information available to Hudson is that this loss was caused by AAW. . . ."

59.     Hudson has failed and refused to accept Travelers' tender of the Underlying Action on behalf of Notias.

60.     As a result of Hudson's breach of its duty to defend, Travelers has been forced to drop down and provide a defense to Notias for the Underlying Action.

61.     Based on the "Other Insurance" provision in the Travelers Policy, the coverage provided by Travelers to Notias is excess to the coverage provided by the Hudson Policy.

**AS AND FOR A FIRST CLAIM FOR RELIEF**

62.     Travelers repeats, realleges, and reiterates each and every allegation contained in paragraphs 1 through 61 of this Complaint as if more fully set forth herein.

63.     Although duly and properly demanded, Fortegra has failed and refused to provide the primary defense to, and acknowledge coverage for, Notias for the claims alleged in the Underlying Action.

64.     Fortegra has, to date, wrongfully declined to provide coverage for Notias for the Underlying Action.

65.     Travelers seeks a determination of its rights with regard to the Fortegra Policy, including a declaratory judgment that Fortegra is required to defend and indemnify Notias as an additional insured under the Fortegra Policy for the Underlying Action; that Fortegra's coverage for Notias applies on a primary basis; and that Travelers' coverage for Notias in the Underlying Action is excess to proper exhaustion and full payment of the Fortegra Policy.

66.     Travelers has no adequate remedy at law.

**AS AND FOR A SECOND CLAIM FOR RELIEF**

67.     Travelers repeats, realleges, and reiterates each and every allegation contained in paragraphs 1 through 66 of this Complaint as if more fully set forth herein.

68.     Fortegra failed and refused to acknowledge its primary coverage obligation and reimburse Travelers for costs incurred to defend Notias for the Underlying Action.

69.     As a result of Fortegra's failure to acknowledge that it owes a primary duty to defend Notias, Travelers has been required to pay for Notias' defense for the Underlying Action.

70.     As a result of Fortegra's failure to acknowledge its primary duty to defend and indemnify Notias, Travelers has incurred substantial attorneys' fees and other costs for the defense of Notias in the Underlying Action.

71.     As a result of the foregoing, Travelers is entitled to a money judgment against Fortegra in an amount equal to what it has incurred and will incur to defend Notias in the Underlying Action, in an amount to be determined by the Court, plus interest.

## AS AND FOR A THIRD CLAIM FOR RELIEF

72.     Travelers repeats, realleges, and reiterates each and every allegation contained in paragraphs 1 through 71 of this Complaint as if more fully set forth herein.

73.     Although duly and properly demanded, Hudson has failed and refused to provide the primary defense to, and acknowledge coverage for, Notias for the claims alleged in the Underlying Action.

74.     Hudson has, to date, wrongfully declined to provide coverage for Notias for the Underlying Action.

75.     Travelers seeks a determination of its rights with regard to the Hudson Policy, including a declaratory judgment that Hudson is required to defend and indemnify Notias as an additional insured under the Hudson Policy for the Underlying Action; that Hudson's coverage for Notias applies on a primary basis; and that Travelers' coverage for Notias in the Underlying Action is excess to proper exhaustion and full payment of the Hudson Policy.

76.     Travelers has no adequate remedy at law.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

77.     Travelers repeats, realleges, and reiterates each and every allegation contained in paragraphs 1 through 76 of this Complaint as if more fully set forth herein.

14

78.    Hudson failed and refused to acknowledge its primary coverage obligation and reimburse Travelers for costs incurred to defend Notias for the Underlying Action.

79.    As a result of Hudson's failure to acknowledge that it owes a primary duty to defend Notias, Travelers has been required to pay for Notias' defense for the Underlying Action.

80.    As a result of Hudson's failure to acknowledge its primary duty to defend and indemnify Notias, Travelers has incurred substantial attorneys' fees and other costs for the defense of Notias in the Underlying Action.

81.    As a result of the foregoing, Travelers is entitled to a money judgment against Hudson in an amount equal to what it has incurred and will incur to defend Notias in the Underlying Action, in an amount to be determined by the Court, plus interest.

**WHEREFORE**, plaintiff THE TRAVELERS INDEMNITY COMPANY demands judgment as follows:

1.    On the first claim for relief, a declaratory judgment determining the respective rights and obligations of plaintiff THE TRAVELERS INDEMNITY COMPANY and defendant FORTEGRA SPECIALTY INSURANCE COMPANY with respect to their liability insurance coverage obligations for Notias for the Underlying Action, including a declaratory judgment that Fortegra is required to defend and indemnify Notias for the Underlying Action, and a declaratory judgment that such coverage would apply on a primary basis before coverage under the Travelers Policy applies to Notias for the Underlying Action;

2.    On the second claim for relief, a money judgment in favor of plaintiff THE TRAVELERS INDEMNITY COMPANY and against defendant FORTEGRA SPECIALTY INSURANCE COMPANY, in an amount to be determined by the Court;

3.    On the third claim for relief, a declaratory judgment determining the respective

rights and obligations of plaintiff THE TRAVELERS INDEMNITY COMPANY and defendant

HUDSON EXCESS INSURANCE COMPANY with respect to their liability insurance coverage

obligations for Notias for the Underlying Action, including a declaratory judgment that Hudson

is required to defend and indemnify Notias for the Underlying Action, and a declaratory

judgment that such coverage would apply on a primary basis before coverage under the Travelers

Policy applies to Notias for the Underlying Action;

4.    On the fourth claim for relief, a money judgment in favor of plaintiff THE

TRAVELERS INDEMNITY COMPANY and against defendant HUDSON EXCESS

INSURANCE COMPANY, in an amount to be determined by the Court; and

5.    Granting plaintiff THE TRAVELERS INDEMNITY COMPANY recovery of the

costs and disbursements of this action, together with such other and further relief as this Court

deems just and proper.

Dated:  New York, New York
        February 12, 2025                            **USERY & ASSOCIATES**

                                                     By: */s/  David R. Shyer*
                                                          David R. Shyer (DS-6506)
                                                     *Attorneys for Plaintiff*
                                                     *The Travelers Indemnity Company*
                                                     T: (917) 778-6324
                                                     dshyer@travelers.com

                                                     Please address all correspondence to:
                                                     P.O. Box 2996
                                                     Hartford, CT 06104-2996

                                                     Physical Address:
                                                     485 Lexington Avenue, 6th Floor
                                                     New York, NY 10017