# MOUND COTTON WOLLAN & GREENGRASS LLP

COUNSELLORS AT LAW
ONE NEW YORK PLAZA
NEW YORK, NY 10004-1901

NEW YORK, NY
FLORHAM PARK, NJ
GARDEN CITY, NY
SAN FRANCISCO, CA
FORT LAUDERDALE, FL
HOUSTON, TX

(212) 804-4200
FAX: (212) 344-8066
WWW.MOUNDCOTTON.COM

THOMAS F. BREEN
PARTNER
212-804-4521
Tbreen@moundcotton.com

October 8, 2025

GRANTED.

FT Enterprises Group (FT) is ordered to appear for its in-person deposition on October 23, 2025, as previously scheduled. Accordingly FT's requested extension, see Dkt. 31, is DENIED.

**VIA ECF**

The Clerk of Court is directed to terminate the letter-motions at Dkts. 29 and 31.

The Honorable Arun Subramanian
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY  10007

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: October 10, 2025

Re:   *The Travelers Indemnity Company v. Fortegra Specialty Insurance Company and Hudson Excess Insurance Company* ("the Travelers Action")
      25-cv-1248 (AS)

Dear Judge Subramanian:

  This office represents the Defendant Fortegra Specialty Insurance Company ("Fortegra") in the above-referenced action. This letter-motion is submitted pursuant to Rule 5B through Rule 5F of your Honor's Individual Practices in Civil Cases with regard to Discovery Disputes.

  This letter-motion requests that the Court set a date certain for the deposition of Non-Party FT Enterprises Group ("FT"), preferably on the previously agreed date of October 23, 2025.

  As explained in Travelers' letter to the Court dated July 9, 2025 (attached), the instant coverage action arises out of an injury to Luis Bermeo ("Bermeo") on November 9, 2023 while working on a construction project ("Project") at 970 Anderson Avenue, Bronx, New York (the "Accident"). Bermeo, an employee of FT, contends that the injury occurred when a steel object fell from above and struck his head. A personal injury lawsuit was commenced in the Supreme Court, Bronx County, Index No. 189269/2023E styled <u>Bermeo v. MBD New Heights Apts. Housing Development Fund Co., et al</u>. ("the Bermeo Action").

  FT is a third-party defendant in the <u>Bermeo Action</u>. The general contractor Notias ("Notias") and American Architectural Windows ("AAW") are defendants. FT is the Named Insured on the CGL Policy issued by Defendant Hudson and AAW is the Named Insured on the

MOUND COTTON WOLLAN & GREENGRASS LLP

October 8, 2025
Page 2

Policy issued by Defendant Fortegra. In the Travelers Action, Travelers contends that Fortegra should provide a defense and indemnity to Notias as an Additional Insured on the Fortegra Policy.

During discovery in the Travelers Action, there was produced by Defendant Hudson Excess two sworn statements by two employees of FT allegedly implicating AAW as the cause of the Accident, although neither was a direct witness to the Accident. As such, this office issued a Federal Subpoena to FT scheduling the FT deposition for September 3, 2025 (attached) and emailed the Subpoena to Smith Mazure.[1] Ascertaining the actual cause of the Accident impacts the coverage that may be afforded to Notias, if any.

Delays were incurred because FT's counsel in the Bermeo Action would not proceed with the deposition until FT had the opportunity to depose Plaintiff Bermeo. Counsel for FT is Carol G. Morokoff of Smith Mazure. The issue of overlapping facts and discovery was discussed in Travelers' July 9, 2025 letter to this Court. Eventually, it was agreed that counsel in the Travelers Action would attend the scheduled depositions in the Bermeo Action on October 16, 20 and 23.

Subsequent to Travelers' letter dated July 9, 2025, it was also agreed by counsel in both actions that FT's deposition would proceed on October 23, 2025. Smith Mazure agreed to the date.[2] However, last Friday, October 3, 2025, Ms. Morokoff informed the undersigned that the deposition of FT would not proceed and provided no alternative dates. In her email dated October 3, 2025 (attached), Ms. Morokoff stated: "Therefore, I cannot confirm at this time when the FT Enterprises deposition will occur."

Ms. Morokoff's only reason for the cancellation was that Plaintiff Bermeo has not yet been deposed. (In an email dated October 3, 2025 from Ms. Morokoff, she stated: "I will not produce my witness out of order"). The undersigned informed her that Bermeo's deposition is proceeding on October 10, 2025 and October 16, 2025 with all parties in both litigations in agreement. However, there was no change in her position (emails are attached).

The Bermeo deposition was recently moved to October 10, 2025 and October 16, 2025 at the request of counsel for Plaintiff Bermeo. However, this office did not consent to any change in the agreed date of October 23, 2025 for FT.

It is my understanding that all counsel in the Bermeo Action and the Travelers Action agreed to the previously scheduled date of October 23rd for the deposition of FT.

---

[1] Smith Mazure agreed to accept service of a federal Subpoena to Produce Documents served by this office. Documents were produced to the undersigned by Smith Mazure. No objection was raised by service of the Deposition Subpoena by email to Smith Mazure.
[2] By email dated August 29, 2025 (attached), Ms. Morokoff agreed to the October 23rd deposition of FT and agreed to the attendance of counsel in the Travelers Action).

Mound Cotton Wollan & Greengrass LLP

October 8, 2025
Page 3

It is requested that this Court require compliance with the Subpoena. No motion was made by Smith Mazure to quash or modify the Subpoena under Rule 45 of the FRCP.

The Advisory Committee Notes to Rule 45, issued in connection with the 2013 Amendment to Rule 45, stated the following regarding the "Contempt" section of Subdivision (g) of Rule 45: "In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the Order might not require all the compliance sought by the subpoena."

The Court has the power under this rule to impose contempt simply on the basis of failure to comply with a Subpoena. Paine Webber v. Acstar Ins. Co., 211 F.D.R. 247, 249 (SDNY 2002) citing Diamond v. Simon, 1994 WL 10622 (SDNY Jun. 10, 1994).

As indicated in the attached emails, this office requested a telephone conference on October 6th or 7th, 2025 at the convenience of Smith Mazure to discuss this discovery dispute. I informed Smith Mazure that I am available all day each day from 9:30 to 4:00 p.m. Smith Mazure did not call and did not provide a convenient time for the undersigned to call.

Accordingly, it is requested that the Court issue an Order compelling FT to appear for an in-person deposition[3] on the previously agreed date of October 23, 2025. With a discovery deadline of December 12, 2025, it is important that FT not be permitted to postpone the deposition until November. This is because there are two FT employees that allege fault against AAW. Smith Mazure is not agreeable to producing both, so this office will be required to issue a second Subpoena to FT after the first FT deposition.

In the event the Court does not require FT to proceed on October 23, 2025, I am available most dates except for an out-of-town business trip on November 10th to November 12th, 2025.

Respectfully submitted,

Thomas F. Breen

cc:   All Counsel of Record *(via ECF)*
      *By Email and US Mail*
      *To All Counsel in Bermeo Action*

---

[3] All counsel in the Bermeo Action have offices in New York City and FT is located in Woodside.